Filed 12/13/24  P. v. Balion CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063195 |
| v. | (Super. Ct. No. 08CF2995) |
| JORGE ENRIQUE ESTRADA BALION, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Michael A. Leversen, Judge. Affirmed.

Jorge Enrique Estrada Balion, in pro. per.; Paul R. Kraus, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Jorge Enrique Estrada Balion[1] filed a petition for resentencing under Penal Code section 1172.6[2] on his first degree murder conviction. The trial court denied the petition at the prima facie stage.

We appointed counsel to represent Balion on appeal. Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, appointed counsel filed a brief setting forth the facts of the case and, without arguing against his client, stated he was unable to identify any arguable issues on appeal and asked us to conduct an independent review of the entire record. Balion was given notice and an opportunity to file a supplemental brief, and he did so.

Under *People v. Delgadillo, supra,* 14 Cal.5th at pages 231 to 232, the Court of Appeal may conduct an independent review of the record in the exercise of its discretion, and we elect to do so. After fully examining counsel's brief and the entire record and considering the issues suggested by Balion, we find no reasonably arguable issue on appeal and affirm.

DISCUSSION

Balion seeks to be resentenced under section 1172.6, which allows "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is

_____

[1] In the record, the defendant's name sometimes appears as Balion and, at other times, as Bailon. In our earlier nonpublished opinion affirming Balion's judgment in the original proceeding, we used the name Bailon. (*People v. Bailon* (Aug. 2, 2011, G042849) [nonpub. opn.].) In this opinion, we use Balion because defendant signed his resentencing petition with that spelling.

[2] All further statutory references are to the Penal Code. The form submitted by Balion on March 30, 2023, refers to section 1170.95. Effective June 30, 2022, however, the Legislature renumbered section 1170.95, without change, to section 1172.6 (Stats. 2022, ch. 58, § 10) and we refer to the statute as section 1172.6 throughout.

imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced . . . ." (*Id.*, subd. (a).) As stated in the statute, to be eligible for resentencing under section 1172.6, the petitioner must have been convicted of murder under a theory of imputed malice.

Balion asserts he was tried under a theory of "murder under the natural and probable consequences doctrine" and the trial court failed to properly apply section 1172.6 in considering his petition for resentencing. As the petitioner, Balion had the burden of making a prima facie case for relief, i.e., showing he was tried under the natural and probable consequences doctrine. (*People v. Lewis* (2021) 11 Cal.5th 952, 972.) "At the prima facie stage, a court must accept as true a petitioner's allegation that he or she could not currently be convicted of a homicide offense because of changes to section 188 or 189 made effective January 1, 2019, *unless the allegation is refuted by the record.*" (*People v. Curiel* (2023) 15 Cal.5th 433, 463, italics added.) We review de novo whether Balion met his burden. (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

The record here conclusively refutes Balion's contention that he was tried under a natural and probable consequences theory. The jury was not instructed on the natural and probable consequences doctrine as to the murder charge, so Balion is not eligible for relief. (*People v. Coley* (2022) 77 Cal.App.5th 539, 548; see *People v. Offley* (2020) 48 Cal.App.5th 588, 599 ["if the jury did not receive an instruction on the natural and probable consequences doctrine, the jury could not have convicted the defendant on that basis, and the petition should be summarily denied"].)

3

Rather, the jury was instructed Balion could only be guilty of murder if he either directly committed the crime or aided and abetted the perpetrator who committed the crime (CALCRIM No. 400) and that to find Balion guilty of murder on an aiding and abetting theory, the People had to prove: (1) a perpetrator committed the murder; (2) Balion knew the perpetrator intended to commit the murder; (3) either before or during the murder, Balion intended to aid and abet the perpetrator in committing the murder; and (4) Balion's words or conduct actually aided and abetting the perpetrator in committing the murder (CALCRIM No. 401). Under these instructions, the jury found Balion guilty of first degree murder, i.e., that Balion acted with the intent to kill. (*People v. Strong* (2022) 13 Cal.5th 698, 710.)

The jury also found true the special circumstance allegation that Balion committed the murder for a criminal street gang purpose. (§ 190.2, subd. (a)(22).) In connection with the special circumstance allegation, the jury was instructed as follows: "If you decide that (the) defendant is guilty of first degree murder but was not the actual killer, then, when you consider the special circumstance of Murder Committed for Criminal Street Gang Purpose, you must also decide whether the defendant *acted with the intent to kill*. [¶] In order to prove [this] special circumstance for a defendant who is not the actual killer but who is guilty of first degree murder as an aider and abettor, the People must prove that the defendant *acted with the intent to kill*. [¶] The People do not have to prove that the actual killer acted with the intent to kill in order for (this) special circumstance to be true. . . . If you decide that the defendant is guilty of first degree murder, but you cannot agree whether the defendant was the actual killer, then, in order to find (this) special circumstance true, you must find that the defendant acted with the

4

intent to kill. [¶] If the defendant was not the actual killer, then the People have the burden of proving beyond a reasonable doubt that he *acted with the intent to kill* for the special circumstance to be true. If the People have not met this burden, you must find this special circumstance has not been proved true." (CALCRIM No. 702, italics added.)  In finding the special circumstance true, the jury found Balion acted with the intent to kill.

In sum, Balion was not found guilty under a theory of felony murder, the natural and probable consequences doctrine, or any other theory of imputed malice.

Balion raises three additional issues in his supplemental brief, all of which assert errors in the underlying criminal proceeding.[3] A petition for resentencing under section 1172.6 is not an opportunity to challenge the original conviction on grounds other than section 1172.6. (See *People v. Hernandez* (2024) 103 Cal.App.5th 1111, 1122 ["the limited jurisdiction afforded by section 1172.6 does not provide the trial court broad jurisdiction to correct alleged errors in the original judgment on alternative grounds"]; *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 [a section 1172.6 petition "does not afford the petitioner a new opportunity to raise claims of trial error"].) Accordingly, Balion's arguments do not raise a reasonably arguable issue on appeal.

In sum, Balion's assertion that he could not be convicted of first degree murder because of changes to section 188 or 189 "is refuted by the

---

[3] Balion argues: (1) his conviction should be overturned for evidentiary errors; (2) ineffective assistance of counsel because his counsel failed to request a jury instruction directing the jury to "view an informant's out-of-court statement with caution" and failed to move for a mistrial; and (3) the trial court erred in its application of the firearm enhancement.

record" (*People v. Curiel, supra,* 15 Cal.5th at p. 463), and the trial court did not err in denying his petition at the prima facie stage.

DISPOSITION

The postjudgment order denying Balion's petition for resentencing is affirmed.


GOODING, J.

WE CONCUR:


O'LEARY, P. J.


SANCHEZ, J.